## CRAWFORD v. ROBIE.

A bond to convey land, on payment of notes given for the price, is a good consideration for the notes.

Though the contract may be rescinded by one party, on the failure or refusal of the other to comply with his agreement, yet the signer of the notes can not, by an act of his own alone, discharge himself from payment.

A party may be a witness, though the adverse party is disabled to testify by his insanity, and the suit is prosecuted or defended by his guardian.

ASSUMPSIT on promissory notes, by James Crawford and others against Lowell Robie. The action was tried, by agreement of the parties, by the court, upon the general issue.

It was admitted that the defendant had become insane since the commencement of the action, and one D. Barnard had been appointed by the court guardian *ad litem*. One of the plaintiffs was admitted to testify against the guardian's objection.

It appeared from this plaintiff's testimony, that on the day the notes were given, a bond was given to the defendant, conditioned to convey to him a tract of land, on payment of these notes. The land was the consideration for the notes, and the notes and bond were parts of one contract. The defendant paid a part of one note, but

Crawford *v.* Robie.

before the suit told the plaintiffs he did not wish for the land, and should not pay the notes. The plaintiffs had never offered the defendant any deed of the land.

The court found for the plaintiffs, and the defendant filed exceptions.

*Pike & Barnard,* for the defendant.

*Fling,* for the plaintiffs.

BY THE COURT. It is apparent, on the case, that the consideration for the notes was the bond to convey the land, and not the land itself. The validity of the notes would not be affected by a refusal of the obligor to convey the land, if he had been bound to make a deed; but the payment of the notes was a condition precedent to any such duty; nor would their validity be affected by any refusal of the promisor to pay the balance of them, and to complete his contract. Each party has his remedy upon the security he holds for any failure of the other party to fulfill his agreement.

A contract may be rescinded, where one of the parties refuses to proceed and comply with his stipulations, if the other party elects to rescind the entire agreement, and he does so within a reasonable time, and the case is so situated that the parties can be restored, substantially, to their original positions. Here the refusal is on the part of the maker of the note; he has paid part, and refuses to pay more. If the obligor had chosen to rescind the bargain, he could have repaid the money, and refused to go on with the contract. He has not done so, and the defendant can not relieve himself of his contract by his own act alone. *Allen* v. *Webb,* 24 N. H. 278; *Webb* v. *Stone,* 24 N. H. 282.

The finding of the court, consequently, was correct.

The ruling as to the admission of the plaintiff as a witness was correct. The statute of 1857 (ch. 1952, sec. 1) provides that " no person shall be excused or excluded as a witness in any civil suit, by reason of interest in the event of the same, as a party or otherwise ;" (Laws, page 1868) while the statute of 1858 (ch. 2090, sec. 2) provides that nothing in these acts shall in any manner affect the law in relation to the attestation of wills and testaments, or any instrument required by law to be attested ; nor shall either party be allowed to testify, or the deposition of such party be used, where the adverse party is an executor or administrator, unless such executor or administrator shall elect to testify himself as a witness, and in such case both parties may testify.

Though the court have been referred to many authorities to the position (in Bac. Ab., Stat. I. 5) that " a thing within the intention is as much within the statute as if it were within the letter ;" and it is argued that the reason of the exception of these statutes applies as strongly in the case of a party rendered incompetent to testify by insanity, as in the case of an administrator; yet they are of opinion that it is inexpedient to introduce by their decision any new exception to the simple and plain rule of the statute. If evil is found to follow from the law in its present form, it will be for the legislature to provide a remedy.

*Exceptions overruled.*